NITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOUEMMA CROMITY,

    Plaintiff,

v.                                                                          CASE NO.: 6:24-cv-01688-WWB-DCI

THE CITY OF ORLANDO,

    Defendant.
_____/

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

    Defendant, THE CITY OF ORLANDO, by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure 12(b)(6) and (b)(1) hereby files this Motion to Dismiss the Complaint filed by Plaintiff, LOUEMMA CROMITY, and in support thereof states as follows:

    1.    In her Complaint, the Plaintiff contends that the City procured an unspecified fraud upon the court in its Motion For Summary Judgment in Case Number 6:22-cv-924-CEM-EJK.[1]

    2.    The Complaint alleges federal question jurisdiction under Federal Rules of Civil Procedure 60 (b)(3), (b)(6), (d)(3), and (d)(1).

---

[1] The City's Motion for Summary Judgment in Case No. 6:22-cv-924-CEM-EJK was granted and later upheld on appeal. The Plaintiff's previous attempt to vacate the City's award of summary judgment through a Motion to Vacate under Rule 60 was denied by the court on November 15, 2024.

1

3. Specifically, Plaintiff's Complaint alleges that (1) "[t]he [City], . . . , committed Fraud on The Court via misrepresentation, conflict of interest, fabrication of information, and other misconduct of an adverse party which prevented the Plaintiff from fairly presenting her case"; (2) "[t]he [City] has committed over 15 separate fraudulent actions on the Court"; (3) "[t]he Scheme that the [City] created was extremely unconscionable in an egregious attempt to misrepresent, submit fabricated documents, and deceive the Court in order to impact and impede the Judicial Machinery for the sole purpose of obtaining the granting of their Motion For Summary Judgement at any cost in their favor"; and (4) "[t]his Scheme/Plan was developed and implemnented [sic] by the most senior leadership, including attorneys, at the City [. . .] who was well aware that the information that was submitted/misrepresented to the Court was final and unreviewable."

4. As set forth more fully below, the Complaint should be dismissed because it fails to state a claim upon which relief can be granted, as the Court has no jurisdictional basis to entertain a Rule 60 challenge seeking to vacate a judgment in a completely separate case particularly where, as here, the Court in that prior case has already rejected these very same arguments in the context of the Plaintiff's Rule 60 motion filed in that case. Even assuming *arguendo* that this Court somehow has jurisdiction to independently entertain these arguments, the Complaint should nonetheless be dismissed as it pleads no factual allegations to support Plaintiff's unspecified claim of an alleged fraud upon the court.

# MEMORANDUM OF LAW

## I. Rule 12(b)(1).

When considering a motion to dismiss pursuant to Rule 12(b)(1), the Court must determine whether it has subject matter jurisdiction over the case. In so doing, a court is generally limited to considering what is within the four corners of the complaint. *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). However, courts may go beyond the four corners of the complaint when determining whether subject matter jurisdiction exists. *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008).

The Eleventh Circuit explained that

> [a] defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack. A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.

*Id.* at 1232-33. (internal citations omitted). "When jurisdiction is properly challenged, a plaintiff has the burden of showing jurisdiction exists." *Launch on Demand LLC v. United States*, No. 6:23-cv-789-CEM-RMN, 2024 U.S. Dist. LEXIS 177855, at *3 (M.D. Fla. Sept. 30, 2024).

## II. Plaintiff Fails to State A Claim Upon Which Relief Can be Granted Because The Court Has No Subject Matter Jurisdiction Over the Alleged Rule 60 Violations.

A court cannot consider the merits of a claim until subject matter jurisdiction is established. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Although Rule 60(d)(1) "preserves a court's historical equity power" to entertain an independent action to relieve a party from a judgment, order, or proceeding, "[a]n independent action 'must be one of which the court has jurisdiction otherwise than pursuant to Rule 60(b) itself, for by its terms the Rule only preserves otherwise *existing jurisdiction*, but does *not create it anew*.'" See *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1359 (11 Cir. 2014); *Millard v. Commonwealth of the N. Mariana Islands*, No. 6:11-cv-1927-Orl-28KRS, 2013 U.S. Dist. LEXIS 204369, at *18 (M.D. Fla. Apr. 17, 2013) (emphasis added) (citing *Woodrum v. Southern R. Co.*, 750 F.2d 876, 883 (11th Cir. 1985)). "Additionally, as to the allegation of fraud on the court, courts have found that the *proper forum* in which to assert that a party has perpetrated a 'fraud on the court' is *the court which allegedly was a victim of that fraud*." *Millard*, 2013 U.S. Dist. LEXIS 204369, at *27 (internal citations omitted) (emphasis added). Likewise, jurisdiction over Rule 60(d) claims is typically limited to the court that rendered the judgment. *Id.* at *19 ("The law regarding whether the court in which a judgment is registered has jurisdiction over an independent action under Rule 60(d)(1) is scant.").

Here, the Court lacks subject matter jurisdiction to address the merits of Plaintiff's claim because the only basis for her claim is Rule 60, which only *preserves*

existing jurisdiction, and does not create it. *See Millard*, 2013 U.S. Dist. LEXIS 204369, at *18. Consequently, the proper forum for Plaintiff's allegations is within the case that was allegedly the "victim of that fraud," which in this instance is the Plaintiff's previous action – Case Number 6:22-cv-924-CEM-EJK. *See Millard*, 2013 U.S. Dist. LEXIS 204369, at *27.

Accordingly, the Complaint should be dismissed because this Court lacks subject matter jurisdiction over the alleged Rule 60 violations.

### III. Rule 12(b)(6).

While a complaint does need not detailed factual allegations to withstand a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Trent v. Mortgage Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). A plaintiff must plead sufficient facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires alleging "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Moreover, in making a

determination under Rule 12(b)(6), "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. As such, when ruling on a Rule 12(b)(6) motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2004).

### IV. Plaintiff Fails to State A Claim Upon Which Relief Can be Granted Because The Complaint Alleges No Factual Content.

The denial of a Rule 60(b) motion is reviewed under the abuse of discretion standard. *Aldana*, 741 F.3d at 1355. Rule 60(b)(3) provides relief from final judgment due to "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To prevail on a Rule 60(b)(3) motion, a party must "prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Cox Nuclear Pharm., Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007) (quotation omitted). "The moving party must also show that the conduct prevented the losing party from fully and fairly presenting his case or defense." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000).

Rule 60(b)(6) allows courts to grant relief for "'any other reason that justifies relief' in addition to those expressly listed in subsections (1) through (5)." *Horton v. Hand*, 785 Fed. Appx. 704, 706 (11th Cir. 2019) (citing Fed. R. Civ. P. 60(b)(6)). The

moving party must demonstrate that *circumstances are sufficiently extraordinary* to warrant relief. *Aldana*, 741 F.3d at 1355. To prevail, the moving party "must do more than show that a grant of his motion might have been warranted; he must *demonstrate* a justification for relief *so compelling* that the district court was required to grant relief." *McConico v. Top Golf Int'l Inc.*, No. 22-11954, 2023 U.S. App. LEXIS 9600, at *2 (11th Cir. Apr. 21, 2023) (emphasis added). "The party seeking relief has the burden of showing that absent such relief, an *extreme* and *unexpected* hardship will result." *Horton*, 785 Fed. Appx. at 706 (internal quotations omitted) (emphasis added).

Relief under Rule 60(d)(1) is "reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *Aldana*, 741 F.3d at 1359 (quoting *United States v. Beggerly*, 524 U.S. 38, 46 (1998)). "The party seeking relief under Rule 60(d)(1) must allege facts to show a grave miscarriage of justice has occurred." *Gottlieb v. SEC*, No. 17-21669-CIV-ALTONAGA/Goodman, 2017 U.S. Dist. LEXIS 92366, at *2 (S.D. Fla. June 14, 2017) (internal quotations omitted).

Fraud on the court under Rule 60(d)(3) is a narrow doctrine involving only that species of fraud that does or attempts to defile the court itself or is perpetrated by officers of the court. *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985). "Fraud on the court is narrowly construed and is found only in exceptional cases where the fraud vitiates the court's ability to reach an impartial disposition of the case before it." *Davenport Recycling Assocs. v. Comm'r of Internal Revenue*, 220 F.3d 1255, 1262

7

(11th Cir. 2000) (internal citations omitted). Generally, "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)[2] (quotation omitted).

Critically, it is well established that conclusory allegations of fraud "are insufficient to prove the existence of the same," and thus are insufficient for obtaining relief. *See Magwood v. Sec'y, Fla. Dep't of Corr.*, No. 3:08-cv-747-J-34JRK, 2020 U.S. Dist. LEXIS 5961, at *2 (M.D. Fla. Jan. 14, 2020) (citing *Booker v. Dugger*, 825 F.2d 281, 283-84 (11th Cir. 1987)); *Harvin v. Healthcare Funding Solutions*, 413 Fed. Appx. 180, 181 (11th Cir. 2011) (affirming dismissal of plaintiff's Rule 60(b) motion because plaintiff "offered mere conclusory allegations that [defendant] engaged in fraud."); *Magwood*, 2020 U.S. Dist. LEXIS 5961, at *2-3 ("[The plaintiff] has not established relief under either Rule 60(d)(1) or (3). He has provided only conclusory allegations with no supporting facts demonstrating by clear and convincing evidence that the judgment should not be enforced or that fraud occurred. . . . A party's pleadings are not evidence."); *Jablonski v. Martin*, No. 2:15-cv-383-FtM-38CM, 2017 U.S. Dist. LEXIS 233240, at *5 (M.D. Fla. Apr. 7, 2017) ("Though [plaintiff] makes several vague and conclusory allegations related to bad acts, nothing in the current Motion

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

SPDN-868764429-3457295

meets the requisite threshold imposed by Rule 60(b) to bless the Court's revival of this matter.").

In this case, even assuming *arguendo* that this Court had subject matter jurisdiction over Plaintiff's claim (which it does not), the Complaint should nonetheless be dismissed because Plaintiff has not alleged any factual allegations whatsoever to support her fraud claim. *See Harvin*, 413 Fed. Appx. at 181; *Magwood*, 2020 U.S. Dist. LEXIS 5961, at *2-3; *Jablonski*, 2017 U.S. Dist. LEXIS 233240, at *5. Plaintiff failed to plead *any* kind of factual support for the allegations that the City (1) "committed Fraud on The Court via misrepresentation, conflict of interest, fabrication of information, and other misconduct of an adverse party"; (2) "committed over 15 separate fraudulent actions on the Court"; (3) created a "Scheme" that "was extremely unconscionable in an egregious attempt to misrepresent, submit fabricated documents, and deceive the Court"; and (4) the City's "Scheme/Plan was developed and implemnented [sic] by the most senior leadership, including attorneys, at the City." (Compl. at p. 4).

These allegations are conclusory and insufficient to show, by clear and convincing evidence, that the City obtained summary judgment in the prior action through fraud or that this alleged conduct prevented her from fairly presenting her case. (*See id.*); *Cox*, 478 F.3d at 1314; *Frederick*, 205 F.3d at 1287; *Magwood*, 2020 U.S. Dist. LEXIS 5961, at *2. Although at this juncture Plaintiff does not have to prove her case, she has failed to allege sufficient factual content to make her fraud claim plausible

on its face. *Ashcroft*, 556 U.S. at 678. Plaintiff does not allege <u>*facts*</u> allowing this Court to reasonably infer that the City committed any egregious misconduct or that a grave miscarriage of justice has occurred. (*See* Compl. at p. 4); *Rozier*, 573 F.2d at 1338; *Gottlieb*, 2017 U.S. Dist. LEXIS 92366, at *2; *Ashcroft*, 556 U.S. at 678. Additionally, Plaintiff's conclusory allegations do not show "sufficiently extraordinary" circumstances, "demonstrate . . . compelling" justifications for relief, or show "an extreme and unexpected hardship." (*See* Compl. at p. 4); *Aldana*, 741 F.3d at 1359; *McConico*, 2023 U.S. App. LEXIS 9600, at *2*; Horton*, 785 Fed. Appx. at 706. Instead, Plaintiff is merely attempting to re-litigate matters already adjudicated, contravening the doctrine of res judicata. *See Aldana*, 741 F.3d at 1359.

Accordingly, Plaintiff's Complaint should be dismissed because it lacks factual content and only provides labels and conclusory allegations to support her fraud upon the court claim.

## V. Conclusion

WHEREFORE, for the foregoing reasons the City requests that the Court enter an order granting its Motion to Dismiss and any other relief it deems appropriate.

Dated: December 6, 2024.  Respectfully submitted,

/s/ *Susan Potter Norton*
Susan Potter Norton
Florida Bar No. 201847
snorton@anblaw.com
pleadings@anblaw.com
lgonzalez@anblaw.com

Allen Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
*Counsel for the City of Orlando*

John W. Keller, IV
Florida Bar No. 119542
jkeller@anblaw.com
kmaxson@anblaw.com
Kimberly Wittman
Florida Bar No. 1031178
kwittman@anblaw.com
njablonski@anblaw.com
Allen Norton & Blue, PA
1477 W Fairbanks Ave. Suite 100
Winter Park, FL 32789-7108
Tel: (407) 571-2152
Fax: (407) 571-1496
*Counsel for the City of Orlando*

## **LOCAL RULE 3.01(g) CERTIFICATION**

I hereby certify that the parties conferred pursuant to local rule 3.01(g) by phone and email correspondences on December 6, 2024, and that Plaintiff is opposed to this motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and sent an email to Louemma.cromity@hotmail.com and a physical copy to 23155 Oak Prairie Circle, Sorrento, Florida 32776.

/s/ *Susan Potter Norton*

11

                                                  Susan Potter Norton